UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and EARL L. HENRY, BONNIE J. LAURIA, RAYMOND B. BAILEY, THEODORE J. GENCO, MARVIN C. MARLOW, CHARLES R. MILLER, LAVERNE M. SORIANO and JOHN HUBER, on behalf of themselves and all other persons similarly situated, | Case No: 2:07-cv-14074<br><br>HONORABLE ROBERT H. CLELAND<br>MAGISTRATE VIRGINIA M. MORGAN<br><br>Class Action |
| Plaintiffs, | |
| vs. | |
| GENERAL MOTORS CORPORATION, | |
| Defendant. | |

### STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT GENERAL MOTORS CORPORATION

This matter having been presented to the Court by joint submission of Plaintiffs: International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UA W"), Earl L. Henry, Bonnie J. Lauria, Raymond B. Bailey, Theodore J. Genco, Marvin C. Marlow, Charles R. Miller, Laverne M. Soriano and John Huber (collectively, "Named Plaintiffs"; collectively with the UAW, "Plaintiffs") and Defendant General Motors Corporation ("GM"), and in accordance with Federal Rule of Civil Procedure 26(c), Eastern District of Michigan Local Rule 5.3, and for good cause shown, it is hereby ORDERED that:

I. This Stipulated Protective Order ("Order) shall govern (i) all documents produced by any of the Plaintiffs or GM in these proceedings, whether before or after the entry of this

Order; (ii) all documents furnished by any of the Plaintiffs or GM at any time, whether before or after the entry of this Order, in order to resolve or settle these proceedings; and (iii) all confidential testimony given in these proceedings by any of the Plaintiffs or an employee or representative of GM. The preceding three categories include, but are not limited to, document productions, interrogatory answers, responses to requests to admit, depositions, examinations, and discovery materials otherwise produced or provided by any of the Plaintiffs or GM. This Order shall also govern all information derived from such documents and testimony which is not publicly available, and all copies, excerpts, or summaries of such documents and testimony. This Order shall apply to Plaintiffs and their attorneys of record in these proceedings, GM and its attorneys of record in these proceedings, and any clerical personnel, representative, agent, or Professional employed, hired or engaged by any party or its attorneys.

  II. For purposes of this Order, the following terms shall mean as follows:

  A. The term "person" refers to all natural persons, corporations, unincorporated associations, partnerships, joint ventures, unions, organizations or other artificial persons of any kind no matter how identified or how organized.

  B. The term "Professional" shall mean any representative, agent, or professional employed, hired or engaged by a party or its attorneys, including but not limited to, consulting or testifying experts.

  C. The term "document(s)" shall have the full meaning ascribed to it under Federal Rule of Civil Procedure 34.

  D. The term "testimony" includes all depositions, examinations, and discovery responses given pursuant to Federal Rule of Civil Procedure 26, including but not limited to Federal Rules of Civil Procedure 26-31 and 33-36.

E. The term "party" or "parties" includes persons within the control group of, or affiliated with, any corporate entity, organization, union, and local union. Any such person who reviews a document or testimony covered by this Order shall be advised of and shown a copy of this Order, and shall execute the written acknowledgment attached as Exhibit 1 hereto.

F. The term "its" is used for convenience and refers to a party to these proceedings, regardless of whether that party is an entity, organization, or natural person.

III. Any documents, testimony, or other materials that a party or counsel for a party represents as containing confidential information may be designated as "Confidential" by that party if the party or counsel certifies that they have a good faith belief that the document, testimony, or materials contains any of the following categories of confidential information:

A. All personnel records, or salary and benefits records of any current or former employee or independent contractor of GM;

B. Documents related to the Plaintiffs', prospective class members' or GM's financial status, including but not limited to their tax returns, assuming that these documents or the substance of the information contained therein are not publicly available;

C. Financial information of GM or the UAW;

D. Proprietary business information;

E. Trade secrets or other confidential research, development or commercial information;

F. Information of a personal nature about Named Plaintiffs, any prospective class member, or any other present or former employee of GM or its predecessors-in-

interest, such as information regarding medical status, personal financial information, and family matters; and

  G. Documents containing information that would cause Named Plaintiffs, prospective class members, the UAW, GM, or any other present or current employees of the UAW or GM "annoyance, embarrassment, or oppression" if used for purposes outside of this litigation.

  IV. A designation of Confidential may be made at any time.

  V. With respect to a document, the designation of confidentiality shall be made by placing or affixing a stamp or marking upon the document (in such a manner as will not interfere with the legibility thereof), providing notice that the document is confidential. The placement or affixing of this stamp or marking shall constitute the designating party's and/or counsel's certification that designation is in accordance with the above definition of "Confidential."

  VI. With respect to documents designated as confidential by a party, that party may further designate certain such documents as "Highly Confidential-Eyes Only." Documents designated as "Highly Confidential-Eyes Only" may be reviewed and inspected by any party, person or entity subject to this Order, but shall not be produced, reproduced, copied, transmitted, or provided in any form to such party, person or entity; provided, however, the parties may by agreement establish special conditions for the exchange of such materials. In the event the parties reach agreement regarding special conditions for the exchange of such materials, those conditions may be enforced by this Court as if they were set forth in this Order.

  VII. With respect to deposition or examination testimony, all such testimony shall automatically be deemed confidential until twenty-one (21) days after copies of the deposition transcripts are served. After receiving the transcript, a party may designate in a separate writing

the page(s) and line number(s) of the testimony given in the deposition that the party deems confidential. A designation made within the 21-day period shall be effective as of the date such testimony was given. A designation made after the end of that 21-day period will not be effective until received by the other parties. Each party possessing a copy of the transcript shall affix or mark the word "confidential" on each page that is so designated in a manner that identifies the specific lines that are included within that designation.

    VIII.   With respect to deposition and examination testimony, documents or other written materials containing or revealing information designated confidential pursuant to this Order, any such material that is filed shall be filed under seal pursuant to Eastern District of Michigan Local Rule 5.3, with a designation that the material contained therein is to be treated as confidential pursuant to the terms of this Order. If oral argument is requested on any matter that requires disclosure of confidential information, any party that seeks to disclose such information at argument shall indicate this fact to counsel for the other parties at or before the hearing of the matter. All transcripts of such hearings shall be deemed confidential and filed under seal pursuant to the terms of this Order.

    IX.   Whenever any party objects to another party's designation of testimony or a document as confidential (or, in the case of a document, Highly Confidential-Eyes Only), the objecting party must so notify counsel for the designating party in writing, setting forth the reasons supporting such objection. The designating party shall respond in writing to any notification within seven (7) days of its receipt, or such longer period as may be agreed to by counsel for the objecting and designating parties, by either (i) modifying or withdrawing all or part of the designation as confidential or Highly Confidential-Eyes Only information, or (ii)

declining to redesignate any part of such designation, setting forth the reason(s) supporting the designation as confidential or Highly Confidential-Eyes Only.

X. Within seven (7) days of a notification that the designating party refuses to reclassify the testimony or document as non-confidential (or, in the case of a document, as not Highly Confidential-Eyes Only), counsel for the objecting party and counsel for the designating party shall confer in good faith in an attempt to resolve the issue. If the parties are unable to agree, the objecting party may, within seven (7) days after the conference make an application to the Court for an order denying confidential or Highly Confidential-Eyes Only treatment for the particular information in question. Failure to make an application to the Court within this time period will constitute waiver of the objection. Notice of any such motion shall be served upon the designating party's counsel of record.

XI. The burden of establishing that a document or testimony is entitled to treatment as confidential (or, in the case of a document, Highly Confidential-Eyes Only) information rests on the designating party. A document designated as confidential shall be regarded and treated as confidential in accordance with this Order until a contrary determination is made by the Court or, in the event of an immediate interlocutory appeal, by the Court of Appeals. A document further designated as Highly Confidential-Eyes Only shall be regarded and treated as Highly Confidential-Eyes Only in accordance with this Order until a contrary determination is made by the Court or, in the event of an immediate interlocutory appeal, by the Court of Appeals.

XII. The parties, their counsel, and any Professional retained by or for any of the parties or their counsel may use a document or testimony as defined in paragraph 2C and 2D above that has been designated confidential for the sole purpose of prosecuting, defending, or settling claims in these proceedings, and for no other purpose, reason, or action. The parties,

their counsel, and any Professional retained by or for any of the parties or their counsel shall not disclose, make available, or communicate any document or testimony designated confidential, or summaries of such information or documents, to any persons or entities except the following:

    A.    Clerical personnel directly employed by or retained by any of the parties or their counsel in connection with these proceedings;

    B.    The author and addressee(s) of the particular document designated as confidential;

    C.    The Court and any persons employed by it in connection with these proceedings;

    D.    Deposition, hearing, and trial transcript reporters in these proceedings;

    E.    Persons before whom depositions or examinations may be taken in the United States;

    F.    Any witness or representative of any of the Plaintiffs or GM from whom testimony is or in good faith may be taken by any party in these proceedings;

    G.    Any Professional hired, retained or engaged by any party or its counsel in these proceedings, including clerical personnel directly employed by or retained by such Professional; provided, however, that any such persons shall be advised of and shown a copy of this Order and shall execute the written acknowledgment attached as Exhibit 1 hereto prior to receiving access to any document or testimony designated as confidential.

XIII.    If a witness from whom testimony is or may in good faith be taken, or clerical personnel employed or retained by any of the parties or their counsel, review any document or testimony covered by this Order, such persons shall be advised of and shown a copy of this Order.

XIV. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at any hearing or trial, or be deemed a waiver of a party's right to object to any discovery request, testimony, line of questioning or admission into evidence of any document at any hearing or trial.

XV. Nothing herein shall limit any person's use of his, her or its own documents or information for any purpose.

XVI. The inadvertent production of privileged or work product documents will not waive the privilege or work product protection; provided, however, that this Order shall not prevent any party from moving to compel production of allegedly privileged or work product documents on any grounds other than the inadvertent production of such documents.

XVII. Within ninety (90) days of the termination of these proceedings, all documents designated as confidential and all copies thereof (and/or any summaries or exhibits of such documents except attorney work product) in the custody of any party, its counsel, and those to whom any party or its counsel have disclosed such documents, shall be delivered to counsel for the party that produced the documents. In lieu of returning such documents, counsel for the party that produced the documents designated as confidential may agree to accept a written certification executed in accordance with 28 USC § 1746 stating that all such documents, copies, summaries and exhibits have been destroyed. For purposes of this agreement, "termination" as used in this paragraph shall occur upon (i) final judicial approval of a settlement of all claims between any and all Plaintiffs and GM, or (ii) final adjudication on the merits, including in either case final adjudication of any appeal or petition for certiorari, including but not limited to any appeal or petition filed by a party, individual or entity other than Plaintiffs or GM.

XVIII. The terms of this Order shall survive and remain in full force and effect after the termination of these proceedings. The Court retains jurisdiction to enforce the terms of this Order, and Plaintiffs and GM consent to venue and jurisdiction in this Court for purposes of any action to enforce the terms of this Order.

XIX. The terms of this Order are subject to modification only upon written agreement of the parties and by Order of the Court.

**AGREED:**

DATED: December 26, 2007

By: s/ Andrew B. Bloomer (w/consent)
Richard C. Godfrey, P.C.
Andrew B. Bloomer
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Tel: (312) 861-2000
rgodfrey@kirkland.com
abloomer@kirkland.com

By: s/ Daniel M. Share

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
Eugene Driker (P12959)
Daniel M. Share (P 26903)
211 West Fort, 15th Floor
Detroit, MI 48226
Tel: (313) 965-9725
edriker@bsdd.com
dshare@bsdd.com

COUNSEL FOR DEFENDANT GENERAL MOTORS CORPORATION

DATED:  December 26, 2007         By:   s/ Julia Penny Clark (w/consent)
                                        Julia Penny Clark
                                        John M. West
                                        Douglas L. Greenfield
                                        BREDHOFF &  KAISER, P.L.L.C.
                                        805 Fifteenth Street, N.W.
                                        Suite 1000
                                        Washington, DC  20005
                                        Tel: (202) 842-2600
                                        jpclark@bredhoff.com
                                        jmwest@bredhoff.com
                                        dlgreenfield@bredhoff.com

                                        Daniel W. Sherrick     (P37171)
                                        Michael F. Saggau      (P35326)
                                        8000 East Jefferson Avenue
                                        Detroit, MI  48214
                                        Tel: (313) 926-5216

                                        COUNSEL FOR PLAINTIFF INTERNATIONAL
                                        UNION, UNITED AUTOMOBILE, AEROSPACE
                                        AND AGRICULTURAL IMPLEMENT
                                        WORKERS OF AMERICA

| DATED: December 26, 2007 | By: | s/ William T. Payne (w/consent) |
| | | William T. Payne |
| | | Stember, Feinstein, Doyle & Payne, LLC |
| | | 1007 Mt. Royal Boulevard |
| | | Pittsburgh, PA 15222 |
| | | Tel: (412) 492-8797 |
| | | wpayne@stargate.net |
| | By: | s/ John Stember (w/consent) |
| | | John Stember |
| | | Edward Feinstein |
| | | Stember, Feinstein, Doyle & Payne, LLC |
| | | 1705 Allegheny Building |
| | | 429 Forbes Avenue |
| | | Pittsburgh, PA 15219 |
| | | Tel: (412) 338-1445 |
| | | jstember@stemberfeinstein.com |
| | | efeinstein@stemberfeinstein.com |

COUNSEL FOR PLAINTIFFS: HENRY, LAURIA, BAILEY, GENCO, MARLOW, MILLER, SORIANO, HUBER AND THE CLASS

**ENTERED:**

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2007, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and EARL L. HENRY, BONNIE J. LAURIA, RAYMOND B. BAILEY, THEODORE J. GENCO, MARVIN C. MARLOW, CHARLES R. MILLER, LAVERNE M. SORIANO and JOHN HUBER, on behalf of themselves and all other persons similarly situated, | Case No: 2:07-cv-14074<br><br>HONORABLE ROBERT H. CLELAND<br>MAGISTRATE VIRGINIA M. MORGAN<br><br>Class Action |

Plaintiffs,

vs.

GENERAL MOTORS CORPORATION,

Defendant.

## EXHIBIT 1

### ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT GENERAL MOTORS CORPORATION

_____, states as follows:

1. I have read and understand the terms of the Stipulated Protective Order entered by the Court in the above-captioned proceeding and understand my obligations thereunder.

2.

I agree to abide by all terms and conditions of the Stipulated Protective Order as those may apply to me, and hereby consent to venue and jurisdiction in the United States District Court for the Eastern District of Michigan in connection with any action relating to enforcement of the terms of the Order.

Dated this _____ day of , 20__.

_____
Signature

_____
Printed Name

f:\docsopen\dshare\l-ord\0345475.02 - 2

13