# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and EARL L. HENRY, BONNIE J. LAURIA, RAYMOND B. BAILEY, THEODORE J. GENCO, MARVIN C. MARLOW, CHARLES R. MILLER, LAVERNE M. SORIANO and JOHN HUBER, on behalf of themselves and all other persons similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>GENERAL MOTORS CORPORATION,<br><br>                Defendant. | Case No.: 2:07-cv-14074<br><br>District Judge Robert H. Cleland<br><br>Magistrate Judge Virginia M. Morgan<br><br>CLASS ACTION |

## ORDER GRANTING "CLASS REPRESENTATIVES' MOTION FOR CLASS CERTIFICATION"

Having reviewed and considered the Motion for Class Certification [Dkt. # 26] brought by Plaintiffs EARL L. HENRY, BONNIE J. LAURIA, RAYMOND B. BAILEY, THEODORE J. GENCO, MARVIN C. MARLOW, CHARLES R. MILLER, LAVERNE M. SORIANO and JOHN HUBER ("Class Representatives"), the Court concludes that all requirements of Federal Rule of Civil Procedure 23 are satisfied and accordingly grants the motion and appoints Class Counsel, based on the following specific finding and rulings:

    1.    For a class to be certified, the proposed group of litigants must satisfy the four requirements of Rule 23(a) and fall within one of the three

subdivisions of Rule 23(b); in addition, appointment of class counsel requires satisfaction of Rule 23(g)(1)(C)(i).

2. Because there are approximately 500,000 class members, the class is so numerous that joinder of all members is impracticable, satisfying Fed.R.Civ.P. 23(a)(1).

3. There are common questions of law and fact, satisfying Fed.R.Civ.P. 23(a)(2), because members of the proposed class are covered by labor agreements and plan documents containing virtually identical provisions concerning the obligations of General Motors Corporation ("GM") to provide retiree health care. Common questions include: (1) whether Section 301 of the LMRA, 29 U.S.C. § 185(a), prohibits GM from unilaterally reducing class members' health-care benefits; and (2) whether ERISA, 29 U.S.C. §§ 1132 (a)(1)(B) and (a)(3), also prohibits GM from so doing.

4. Fed.R.Civ.P. 23(a)(3) is satisfied because the Class Representatives' claims are typical of the claims of the proposed class. GM has announced its intention to unilaterally modify hourly retiree health care benefits, which, if implemented, will affect Class Representatives and the proposed class in the same way.

5. Fed.R.Civ.P. 23(a)(4) is satisfied because the Class Representatives and their counsel will fairly and adequately protect the interests of the class. First, Class Representatives have common interests with unnamed class members, as established by the fact that Rule 23(a)(2) commonality and

Rule 23(a)(3) typicality are satisfied; further, nothing suggests that Class Representatives have interests conflicting or antagonistic to the interests of the proposed class. Second, Class Representatives will vigorously represent the interests of the proposed class through qualified counsel, as discussed in the following paragraph.

6. Rule 23(g)(1)(C)(i) requires that the Court consider the following factors when appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. The Court has carefully considered each of these factors and concludes that each is satisfied here.

7. The Court also finds that the requirements of Fed.R.Civ.P. 23(b)(2) are satisfied, i.e., that GM has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Specifically, GM has threatened to act on grounds generally applicable to the entire proposed class by reducing health care benefits. Injunctive or declaratory relief accordingly is appropriate with respect to the class as a whole.

8. Based on the foregoing, the Court hereby certifies the following class (with

the terms in initial caps having the definitions set forth in the February 21, 2008 Settlement Agreement):

all persons who are:

> (i)  GM-UAW Represented Employees who, as of October 15, 2007, were retired from GM with eligibility for Retiree Medical Benefits under the GM Plan, and their eligible spouses, surviving spouses and dependents;
>
> (ii)  surviving spouses and dependents of any GM-UAW Represented Employees who attained seniority and died on or prior to October 15, 2007 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from GM and/or under the GM Plan;
>
> (iii) UAW retirees of Delphi Corporation ("Delphi") who as of October 15, 2007 were retired and as of that date were entitled to or thereafter become entitled to Retiree Medical Benefits from GM and/or the GM Plan under the terms of the UAW-Delphi-GM Memorandum of Understanding Delphi Restructuring dated June 22, 2007, Attachment B to the UAW-Delphi-GM Memorandum of Understanding Delphi Restructuring dated June 22, 2007 (without regard to whether any of the conditions described in Section K.2 of such Memorandum of Understanding or Section 2 of such Attachment B occur), or the Benefit Guarantee agreement between GM and the UAW dated September 30, 1999, and their eligible spouses, surviving spouses and dependents of all such retirees;
>
> (iv)  surviving spouses and dependents of any UAW-represented employee of Delphi who attained seniority and died on or prior to October 15, 2007 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from GM and/or the GM Plan under the terms of the UAW-Delphi-GM Memorandum of Understanding Delphi Restructuring dated June 22, 2007, Attachment B to the UAW-Delphi-GM Memorandum of Understanding Delphi Restructuring dated June 22, 2007 (without regard to whether any of the conditions described in Section K.2 of such Memorandum of Understanding or Section 2 of such Attachment B occur), or the Benefit Guarantee agreement between GM and the UAW

> dated September 30, 1999;
>
> (v) GM-UAW Represented Employees or former UAW-represented employees who, as of October 15, 2007, were retired from any previously sold, closed, divested or spun-off GM business unit (other than Delphi) with eligibility to receive Retiree Medical Benefits from GM and/or the GM Plan by virtue of any other agreement(s) between GM and the UAW, and their eligible spouses, surviving spouses, and dependents; and
>
> (vi) surviving spouses and dependents of any GM-UAW Represented Employee or any UAW-represented employee of a previously sold, closed, divested or spun-off GM business unit (other than Delphi), who attained seniority and died on or prior to October 15, 2007 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from GM and/or the GM Plan.

9. Class claims are those alleged in the Complaint, including the claim that Section 301 of the LMRA, 29 U.S.C. § 185(a), as well as ERISA, 29 U.S.C. §§ 1132 (a)(1)(B) and (a)(3), prohibit GM from unilaterally reducing class members' health-care benefits.

10. The law firm of Stember Feinstein Doyle & Payne, LLC is appointed as counsel for the class. As discussed above, the Court finds that the attorneys in this firm will fairly and adequately represent the interests of the class, in consideration of the work counsel has done in identifying or investigating potential claims in this action, counsel's experience in

handling class actions, other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class.

So Ordered,

                                              S/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: March 5, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 5, 2008, by electronic and/or ordinary mail.

                                              S/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522